```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
RICHARD SCHRIER, et al.                                    :
                                                           :
                            Plaintiffs,                    :
                                                           :        23-CV-5431 (VSB)
                  -against-                                :
                                                           :        OPINION & ORDER
                                                           :
XIYAN ZHANG, et al.                                        :
                                                           :
                            Defendants.                    :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Richard Eric Schrier
Schrier, Fiscella & Sussman, LLC
Garden City, NY
*Counsel for Plaintiffs and Pro Se*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs filed this defamation action over one year ago and have not effectuated service on Defendants. Plaintiffs move to extend the deadline to effectuate service, blaming the delay on their misinterpretation of the law and the actions of a law-office intern. Because these reasons do not constitute good cause to excuse the delay, and I decline to exercise my discretion to nonetheless extend the deadline, Plaintiffs' motion is DENIED.

**I.      Background**

The parties to this action are involved in protracted litigation regarding a dispute among a third-party logistics company, Ameriway Corporation; its importer of record, Eagle Trading; a customs-broker, Ability Customs; and Ability's proprietor, May Yan Chen. *See Ameriway Corp. v. Chen*, No. 19-CV-9407, 2021 WL 6113373, at *1–2 (S.D.N.Y. Dec. 27, 2021) (summarizing the dispute); *see generally Chen v. Zhang*, No. 24-CV-3942, 2024 WL 4894294 (N.D. Cal. Nov.

25, 2024) (discussing other related lawsuits).  Plaintiffs Richard Schrier and William C. Shayne are two of Chen and Ability's attorneys in a related case *Ameriway Corp. v. Chen*, No. 19-CV-9407 (S.D.N.Y.).  Defendants Xiyan Zhang and Peter Wolfgram are Ameriway's attorneys in the related case.  Defendant Stratum Law, LLC is their law firm.  Zhang is also Eagle Trading's proprietor.

Plaintiffs filed this action on June 26, 2023, (*see* Doc. 1), asserting defamation claims against Defendants stemming from a June 28, 2022 "press release" reporting Defendants' assertions that Plaintiffs Schrier and Shayne submitted "falsified lien documents" in the related case, No. 19-CV-9407, (Doc. 13 ¶¶ 66, 69).  Having received an error notification from the Court's electronic filing system on their original complaint, Plaintiffs re-filed their complaint on July 6, 2023.  (Doc. 13.)  An electronic summons issued against all Defendants on July 6, 2023.  (Doc. 15.)  On July 23, 2023, Plaintiffs filed an affirmation that this case is related to No. 19-CV-9407.  (Doc. 17.)  On October 13, 2023, the case was reassigned to me as the Judge presiding over No. 19-CV-9407.

For over a year following the reassignment of the case, Plaintiffs failed to take any action in the case, and Defendants have not appeared.  Thus, on October 30, 2024, I issued an order for Plaintiffs to show cause why the case should not be dismissed for untimely service pursuant to Federal Rule of Civil Procedure 4(m).  (Doc. 18.)  In response, on November 8, 2024, Plaintiffs submitted a letter motion for an extension of time to effectuate service.  (Doc. 19 ("Mot.").)

In the motion, Plaintiff Schrier explained that on July 13, 2023, his law-office intern (a law student) emailed a copy of the summons and complaint to Defendants, requesting that they accept service.  (Mot. 1, *see* Doc. 19-4 (email).)  Defendant Zhang responded on behalf of all Defendants on July 17, 2023, stating:

> We will NOT accept service on behalf of the parties in the case . . . However, we are amenable to a request to waive service under Fed. R. Civ. P. 4(d). Please let us know if that's something you'd like to do. If so, we will send you the executed waiver forms. Else, please conduct the proper service process under Fed. R. Civ. P. 4(c).

(Doc. 19-4.) Zhang sent this email to Shayne, Schrier, and Schrier's intern. (*Id*.) Schrier states that he instructed his intern to agree with Zhang's proposal, and "thereafter . . . was under the impression that service was effectuated . . . I now believe that [Defendant Zhang] did not send the executed waiver forms as promised." (Mot. 2.)

**II.     Discussion**

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)). In this context, "good cause" means "exceptional circumstances . . . beyond the plaintiff's control," accounting for "whether the plaintiff was diligent in making reasonable efforts to effect service" and "the prejudice to the defendant from the delay." *George*, 221 F. Supp. 3d at 432–33 (internal quotation marks omitted). A "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *Id*. at 433 (quoting *AIG*, 197 F.R.D. at 108).

Plaintiffs' justifications for the delay in effectuating service do not constitute good cause. Plaintiffs first blame Schrier's former law-office intern and the Defendants for the delay.

Specifically, Schrier claims that he told the intern to accept Zhang's proposal to waive service, but that Defendants never sent Schrier the waiver forms.[1] (*See* Mot. at 2–3.) This does not constitute good cause because in any federal lawsuit, "[t]he plaintiff," not the defendant, "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed R. Civ. P. 4(c)(1). Schrier's failure to oversee his intern to confirm that service was effectuated "is a confession of neglect, not an excuse for it." *Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007).

Plaintiffs assert that because discovery was stayed in the related case, *see Ameriway*, No. 19-CV-9407 (S.D.N.Y. Sept. 12, 2022), ECF No. 162, "no activity could go forward in this case," (Mot. at 2). Plaintiffs cite no authority for this proposition because there is none—case relatedness is an administrative designation used to assign a new case to the judge presiding over an ongoing related case. *See* Rule 13 for the Division of Business Among District Judges, S.D.N.Y. (Oct. 16, 2023), https://perma.cc/H5LF-GQ4U. Case relatedness is not the same as joinder or consolidation under Federal Rules of Civil Procedure 18 or 42, and orders in one case do not apply to all cases marked as related. *Cf.* Rule 13(a)(1) for the Division of Business Among District Judges ("Nothing in this Rule is intended to preclude parties from moving for consolidated proceedings under Federal Rule of Civil Procedure 42.") Thus, unless otherwise noted, no order in the related case, including the discovery stay, could stay the deadline to effectuate service in this case. Plaintiffs' "mistake" of law on this point is not "good cause" to excuse their delay in effectuating service. *George*, 221 F. Supp. 3d at 433 (internal quotation marks omitted).

---

[1] I note that Schrier does not indicate whether or not his intern accepted Zhang's proposal.

4

Although I find that Plaintiffs have not demonstrated "good cause," I recognize that I have the discretion to extend the deadline for service. *See Zapata*, 502 F.3d at 196. "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

Here, Plaintiffs assert defamation claims based on a June 28, 2022 "Press Release". (Doc. 13 ¶¶ 66, 69.)[2] Under New York law, the statute of limitations for a defamation claim is one year. *See* N.Y. C.P.L.R. § 215(3); *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009). Thus, the applicable statute of limitations would likely bar this action if it were refiled, and the first factor weighs in Plaintiffs' favor. *See George*, 221 F. Supp. 3d at 435–36.

The remaining three factors focus on Defendants. The second factor weighs in favor of extending the time for service because Schrier's intern's email gave Defendants actual notice of the action. The third factor weighs against extending the time for service, as Defendants did not "attempt[] to conceal the defect in service." *DeLuca*, 695 F. Supp. 2d at 66. The fourth factor likewise weighs against extending the time for service, since Defendants would be prejudiced by "the necessity of defending an action after both the original service period and the statute of

---

[2] Although Plaintiffs allege that Defendants caused the publication of the "Press Release," that document is not labeled as a press release and the author is not one of Defendants, but rather is listed as Ryan Boysen. (*See* Doc. 13-1.) Boysen's LinkedIn page identifies him as a "Senior Reporter, Legal Industry" at Law360. Ryan Boysen, LinkedIn, https://perma.cc/AYB4-3Q77. The document Plaintiffs label a "Press Release" appears to be an article that Boysen wrote which was published in Law360.com about related case *Ameriway Corp. v. Chen*, No. 19-CV-9407. *See* Ryan Boysen, *Distributor Says Attys Faked A Lien Claim Doc, Seeks DQ*, Law360 (June 28, 2022, 3:18 pm), https://perma.cc/8VZZ-BCXC.

limitations have passed before service." *Zapata*, 502 F.3d at 198.  Additionally, permitting this case to go forward would add a third active lawsuit to the already-piecemeal litigation among these parties.  *See Chen*, 2024 WL 4894294, at *1–2 (discussing other pending lawsuits). Although I do not opine on the merits of Plaintiffs' claims here, I note that I recently described Plaintiffs' actions regarding the documents in question as "evinc[ing] a profound carelessness in producing and checking their work product."  *Ameriway*, 2024 WL 4362731, at *8.

Considering the factors discussed above, I decline to exercise my discretion to extend the deadline for service.  Plaintiffs filed this action and let it sit for over a year, and it was only my prompting that led Plaintiffs to take action to explain why they have not served Defendants or otherwise prosecuted this litigation.  (*See* Doc. 18.)  Additionally, as the Second Circuit has observed, "in the absence of good cause" to excuse a lack of service, "no weighing of the prejudices between the [] parties can ignore that the situation is the result of the plaintiff's neglect."  *Zapata*, 502 F.3d at 198.  In the context of this case, Plaintiffs may not resuscitate a dormant lawsuit without a "colorable excuse for neglect[ing]" their claims for over a year.  *Id*.

### III. Conclusion

Plaintiffs' motion to extend the deadline to effectuate service is DENIED.  It is hereby:

ORDERED that Plaintiff's claims are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated: December 9, 2024
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge